## COMMISSIONERS OF THE EXCHANGE AND BANKING COMPANY *v.* YORKE et al.

A case will be remanded for further proceedings, where the irregularities in the mode of conducting it are such as to render it necessary in order to secure the rights of the litigants.

COMMISSIONERS
OF EXCHANGE
BANK.
*v*
YORKE.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *L. Pierce, Benjamin*, and *Micou*, for the plaintiffs. *R. M. Carter*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J.   *Henry Florance*, subrogated to a judgment against *E. Yorke*, No. 21,727 of the docket of the District Court, filed an opposition to the distribution of the proceeds of a sale of certain real property of the defendant, under an execution issued on a judgment standing in the name of *J. J. Hanna*, as subrogated to the rights of the original plaintiffs, on the ground that *Hanna's* judgment had been extinguished, having been purchased by him with the money of *Yorke*, and for his exclusive benefit. The opposition was dismissed, and *Florance* has appealed.

At the time the judgment was rendered, in June, 1847, the case between the same parties which at this term has been remanded for further proceedings, No. 657, 2 An. R. 995, had been already tried in February previous, but no application for an appeal had been made. The fact of the extinguishment of this judgment for the cause assigned, was one of the principal matters at issue in that litigation. The disposition of the proceeds of the property sold under execution necessarily depended on that fact; thus the cause of action and the parties are identical. The judge before whom this case was tried, admitted in evidence the proceedings against the same party in the garnishment, and, on *Hanna's* answers, the opposition of *Florance* was considered as not sustained, and adjudged accordingly. To the admission of those answers in evidence, *Florance* took his bill of exceptions.

The opposition of *Florance* was filed on the 16th June, 1847, to which the general issue was pleaded on the 28th of that month. The petition of the same party in the suit we have mentioned, No. 657, and the answers to interrogatories of *Hanna*, had been filed in December previous, and on the 5th of January, the traverse of *Florance* was made to them. When this opposition was filed and pleaded to by *Hanna*, there was pending before the same court and between the same parties a controversy which embraced the cause of action which was the ground of the opposition, and its pendency ought to have been pleaded, and the proceeds of the sale under execution arrested, until the matter in dispute was determined according to the mode of proceeding which was recognised by this court in the case of the *Bank of Louisiana* v. *Delery et al*, 2 Annual R. 648.

The other case terminating on the 16th of February following, by the dismissal of *Florance's* opposition for the cause assigned, which was only appealed from subsequently to the decree in this case, and having been restored to its former condition with the traverse to the interrogatories, present an anomalous question for our decision. No authorities have been referred to by the counsel on either side, and it is highly probable that no similar question will ever arise, or ever will be again presented for the judgment of this court.

We do not consider ourselves called upon to decide every question which a departure from the settled rules of proceeding in the conducting of causes may raise up, but rest satisfied that the interests of the law and of the parties themselves are best served by keeping suitors within the forms of procedure, from which there can be no departure in cases at all complicated without some interests being jeoparded.

Such is the condition of the litigation between these parties that it must be put in some form in which the established rules of procedure and law can be

<div style="float:right">COMMISSIONERS<br>OF EXCHANGE<br>BANK.<br>v.<br>YORKE.</div>

applied to it. There is a cause of action set forth against *Hanna* in the oppositions of *Florance*, and the court has power to compel its prosecution in such form as will secure the rights of the respective litigants and the simplicity and order which our rules of proceeding require, whether the adverse party require it or not. The decision we have come to in the other case between the same parties renders it necessary that the same disposition be made of this. ·

It is therefore decreed that the judgment appealed from be reversed, and the case remanded for further proceedings; the appellees paying the costs of this appeal.